UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | CRIMINAL CASE NUMBER: |
| v. | : | |
| | : | 3:10-cr-00093-AWT-1 |
| SYED A. BABAR, | : | |
| *Defendant.* | : | March 22, 2017 |

## MOTION FOR RETURN OF PASSPORT

Defendant Syed Babar, through undersigned counsel, respectfully moves for an order authorizing the return of his passport to a member of Mr. Babar's family. The passport is currently in the possession of prior counsel, Michael R. Hasse, who has stated that he will not relinquish control absent a court order. In support of this motion, Mr. Babar states as follows:

1. In April 2010, Mr. Babar was charged with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and two counts of wire fraud, in violation of 18 U.S.C. § 1343. ECF No. 1.

2. Mr. Babar was arrested in May 2010 and ordered detained. ECF Nos. 2, 9. At the initial detention hearing, the parties conceded that the whereabouts of Mr. Babar's passport were unknown. ECF No. 221 at 40.

3. In June 2010, Mr. Babar moved for reconsideration of the order of detention, asserting that "[t]he passport has been located and currently is in the possession of [Peter W. Hull,] counsel for Mr. Babar." ECF No. 214 at 2.

4. At the hearing on the motion for reconsideration, the Court stated "[i]f I *were* to release the Defendant and order the passport held, I *would* have absolutely no hesitation to ask Mr.

Hull, as an officer of the Court, to retain it." ECF No. 222 at 57 (emphasis added). The Court denied reconsideration. *Id.* at 61.

5. In July 2010, Mr. Hasse filed a notice of appearance. ECF No. 46. Mr. Hull thereafter transferred the passport to Michael R. Hasse.

6. Mr. Babar has been detained since May 2010, having been convicted of conspiracy, wire fraud, mail fraud, and false statements in November 2011. ECF No. 702.

7. In June 2012, the Court granted Mr. Babar's pro se motion to terminate Mr. Hasse's representation of him. ECF No. 777.

8. In July 2013, Mr. Babar filed motion pursuant to 28 U.S.C. § 2255, alleging that Mr. Hasse, in relevant part, "rendered ineffective assistance of counsel when he advised [Mr.] Babar to reject the government's plea offer and later advised him to plead guilty in open court which resulted in a longer sentence." D. Conn. Dkt. No. 13-cv-1095, ECF No. 1 at 6.

9. In November 2015, the Court appointed the Office of the Federal Defender to represent Mr. Babar. D. Conn. Dkt. No. 13-cv-1095, ECF No. 8. An evidentiary hearing was held in May 2016. D. Conn. Dkt. No. 13-cv-1095, ECF No. 24. The motion remains pending. A motion for release on bail, a motion for a telephonic status conference, and a pro se motion for reinstatement also remain pending. D. Conn. Dkt. No. 13-cv-1095, ECF Nos. 31, 36, 40.

10. On March 13, 2017, undersigned counsel called Mr. Hasse and left a voicemail about surrendering Mr. Babar's passport to undersigned counsel for return to a member of Mr. Babar's family.

11. On March 21, 2017, undersigned counsel emailed Mr. Hasse. In his response, Mr. Hasse stated that he was ordered to retain possession of Mr. Babar's passport and that he would not relinquish it unless ordered to do so by the Court.

12. Mr. Babar respectfully requests that the Court order the return of the passport.[1] The passport belongs to Mr. Babar and has no evidentiary value in either the underlying criminal case or the pending Section 2255 motion. *Cf. United States v. Gladding*, 775 F.3d 1149, 1152 (9th Cir. 2014) (observing that once a criminal trial is complete, the defendant is presumed to have a right to the return of his property).

13. In the alternative, Mr. Babar requests that the passport be returned to the Office of the Federal Defender to hold during the pendency of the Section 2255 proceedings. Mr. Hasse no longer represents Mr. Babar in any capacity. Mr. Babar's pending Section 2255 motion places him in actual conflict with Mr. Hasse. Mr. Hasse's continued dominion and control over Mr. Babar's personal property may result in further, unnecessary conflict.

---

[1] A motion for a return of a passport is not uncommon in criminal proceedings. *See*, *e.g.*, *United States v. Mohammad*, 95 F.Supp.2d 236, 238 (D.N.J. 2000) (construing pro se request for return of passport as a motion for return of property under Federal Rule of Criminal Procedure 41(e)). Federal Rule of Criminal Procedure 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." This rule grants federal courts "equitable jurisdiction . . . [to] order the return of property. . ." *Bertin v. United States,* 478 F.3d 489, 492 (2d Cir. 2007). This rule, however, does not appear to apply in this case because the passport is not in the possession of the government and does not appear to be held pursuant to a court order or other state action.

                                        Respectfully Submitted,

                                        THE DEFENDANT,
                                        Syed A. Babar

                                        FEDERAL DEFENDER OFFICE

Date: March 22, 2017                    /s/ Ross Thomas
                                        Assistant Federal Defender
                                        10 Columbus Blvd, 6th FL
                                        Hartford, CT 06106
                                        Phone: (860) 493-6260
                                        Bar No.: phv08740
                                        Email: ross_thomas@fd.org

                                        CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on March 22, 2017, a copy of the foregoing motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                        /s/ Ross Thomas
                                        Ross Thomas